FRED INGERSOLL (REVIVED IN THE NAME OF ELLEN C. ROSS, ADMINISTRATRIX OF THE ESTATE OF FRED INGERSOLL), APPELLEE, V. JAMES SULLIVAN, APPELLANT.

18 N. W. 2d 119

FILED MARCH 23, 1945. No. 31863.

*John N. Baldwin,* for appellant.

*Oscar T. Doerr, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

Plaintiff commenced this action against the defendant to recover damages for an injury growing out of an assault made by the defendant upon the person of the plaintiff. The jury returned a verdict for the plaintiff in the amount of $700. Judgment was entered on the verdict and defendant appeals.

The record shows that the defendant was operating a rooming house and the plaintiff was a tenant renting a room by the month. On May 21, 1943, plaintiff went to defendant's room for the purpose of paying his room rent. An altercation ensued as to the amount. Plaintiff testifies that defendant became enraged, struck him in the mouth, knocked him back on the bed and struck him again, breaking off a tooth. Plaintiff testified that the next morning defendant came to his room, renewed the altercation and threw plaintiff to the floor, injuring his arm and hip. He testifies that he also suffered pain as a result of his fall because of injury to an existing hernia with which he had been afflicted for five or six years. Two witnesses corroborate the plaintiff's assertion that his lip was lacerated on the inner side and that he was unable to walk without assistance after the second altercation. The evidence shows that plaintiff was taken to the police station by a friend and from there to a hospital where a police surgeon examined him and permitted him to be returned to his room. On January 21, 1944, plaintiff was operated on to correct a strangulated hernia. There is expert medical evidence in the record that the hernia condition could have been and probably was accelerated by the injuries received by plain-

tiff on May 21 and 22, 1943. Plaintiff was almost 80 years of age at the time of the alleged assault. He weighed 167 pounds at that time. At the time of the trial he weighed 131 pounds, most of the loss in weight occurring after his operation in January, 1944. There is evidence in the record connecting the operation and the cause thereof with the alleged assault.

The defendant denies that any assault occurred or that he in any way caused injury to the plaintiff. He denied positively certain admissions alleged to have been made by him.

There was evidence in the record to sustain the allegations of plaintiff's petition. The defendant's evidence was in direct conflict with that of the plaintiff and the question therefore became one for the jury to determine. The jury resolved the questions of fact in favor of the plaintiff. There is no basis afforded for this court to interfere with the judgment entered on the jury's verdict. The evidence is ample to support the judgment and, the insufficiency of the evidence to support the verdict being the only error assigned, the judgment must be affirmed.

AFFIRMED.